## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC, AS OWNER AND OPERATOR OF THE MR. CONNOR AND MISS CAROLINE, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO. _____**<br><br>**SECTION**<br><br>**JUDGE**<br><br>**MAGISTRATE JUDGE:** |

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Limitation Plaintiff Marquette Transportation Company Offshore, LLC ("Limitation Plaintiff"), as owner and operator of the towing vessels *MR. CONNOR* and *MISS CAROLINE*, their engines, equipment, gear, tackle, etc. (collectively, the "Vessels"), brings this Complaint in Exoneration From or Limitation of Liability, both civil and maritime, according to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims & Asset Forfeiture Actions, and 46 U.S.C. § 30501, *et seq*. In support, and reserving all rights to enforce any and all applicable forum and venue selection clauses related to this action, Limitation Plaintiff respectfully avers upon information and belief as follows:

1.

At all times hereinafter mentioned, Limitation Plaintiff Marquette Transportation Company Offshore, LLC was, and now is, a limited liability company organized and existing under and by virtue of the laws of State of Delaware with its principal place of business in Lockport, Louisiana, and is, at all times hereinafter mentioned, the owner and/or operator of the Vessels.

2.

This is a case of admiralty and maritime jurisdiction brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3.

Venue is proper in the Federal District Court of the Eastern District of Louisiana, as Limitation Plaintiff entered into a Master Time Charter Agreement with Great Lakes Dredge & Dock Company, LLC ("Great Lakes"), wherein the parties agreed for all disputes arising from work performed under the Master Time Charter Agreement to be resolved in this District under the laws of Louisiana.  A copy of the Master Time Charter Agreement is hereby incorporated by reference according to Rule 10(c) of the Federal Rules of Civil Procedure.

4.

Venue is also proper in this District under Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims, as the Vessels have not been attached or arrested, suit has not been commenced against Limitation Plaintiff, and, at the time of filing, the Vessels are three miles from shore and not within any district.

5.

Additionally, the Federal District Court for the Eastern District of Louisiana is a convenient forum, as Limitation Plaintiff's principal place of business is in Louisiana, Great Lakes agreed to litigate in Louisiana, and another potentially interested party, Dawn Services, L.L.C., has its principal place of business in Louisiana.

6.

Limitation Plaintiff is – and all material times was – the owner and operator the Vessels under the Limitation of Liability Act, 46 U.S.C. 30501 § *et seq*.  As such, Limitation Plaintiff is entitled to the protections afforded by the Limitation of Liability Act.

7.

The *MR. CONNOR* is a tug bearing official number 8987553, built in 1999, with principal dimensions of 75 feet in length and 24.016 feet in breadth.

8.

The *MISS CAROLINE* is a tug bearing official number 8987577, built in 1981, with principal dimensions of 75.984 feet in length and 26.247 feet in breadth.

9.

At all material times, Limitation Plaintiff exercised due diligence to make and to maintain the Vessels in all respects seaworthy; and at all times hereinafter described, the Vessels were, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy, fit and proper for the service in which the Vessels were engaged and complied with all applicable United States Coast Guard regulations.

10.

On or about August 8, 2023, the Vessels were chartered to tow barges for Great Lakes in the Cape May Harbor, New Jersey.  Great Lakes performed dredging operations while the Vessels and their crew worked at Great Lakes's direction.  Great Lakes retired for that evening, leaving the Vessels and their crew on standby in the Cape May Harbor waters.  Upon information and belief, and at an unknown time, a dredge pipe owned by Great Lakes broke away, obstructing the Cape May Harbor waters.

PD.43415760.1

11.

On or about August 9, 2023, at or around 2:21 A.M., a fishing watercraft, the *WILD WILLY*, traveled along the Cape May Harbor.  Upon information and belief, as the *WILD WILLY* traversed the Cape May Harbor waters, it struck a floating dredge pipe owned by Great Lakes (the "Incident").

12.

This Complaint is filed within six months from the date Limitation Plaintiff received first notice of a limitable claim.

13.

As a result of the Incident, certain parties may have sustained physical damages, economic, and/or other losses.

14.

The Incident occurred without the privity or knowledge of Limitation Plaintiff.  In fact, the Incident, and any injury or loss sustained by any and all persons or entities which may have resulted from the Incident, could only have been caused or contributed to without the privity or knowledge of Limitation Plaintiff.

15.

The Incident was not due to any fault, neglect, or want of care by Limitation Plaintiff, the Vessels, or anyone for whom Limitation Plaintiff may be responsible.

16.

Rather, the Incident, and any injury or loss arising therefrom, was caused by the fault, negligence, or lack of due care or diligence of others for whom Limitation Plaintiff is not responsible.

PD.43415760.1

17.

Limitation Plaintiff is, as of this date, unaware of any suits, petitions, or demands against Limitation Plaintiff.

18.

Limitation Plaintiff is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessels *in rem* in connection with the Incident.

19.

The value of Limitation Plaintiff's interest in the *M/V MR. CONNOR* on the date of the Incident does not exceed the sum of TWO MILLION, TWO HUNDRED EIGHTEEN THOUSAND, FOUR HUNDRED SIXTY-FIVE DOLLARS AND ZERO CENTS ($2,218,465.00).

20.

The value of Limitation Plaintiff's interest in the *M/V MISS CAROLINE* on the date of the Incident does not exceed the sum of FOUR MILLION, EIGHT HUNDRED THOUSAND, SIXTY DOLLARS AND NO CENTS ($4,800,060.00).

21.

Subject to an appraisal of its interests, Limitation Plaintiff herewith submits for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking in the sum of SEVEN MILLION, EIGHTEEN THOUSAND, FIVE HUNDRED TWENTY-FIVE DOLLARS AND NO CENTS ($7,018,525.00) plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the Vessels, and their appurtenances.

PD.43415760.1

22.

Limitation Plaintiff has a reasonable basis upon which to believe it possible that claims will be asserted and prosecuted against it in amounts exceeding the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of liability.

23.

Limitation Plaintiff claims exoneration from liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforesaid accident and for any and all claims therefor. Limitation Plaintiff alleges that it has valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in Sections 30501, *et seq*. of Title 46 of the United States Code (46 U.S.C. §§ 30501, *et seq.*), and the various statutes supplemental thereto and amendatory thereof, and to that end, Limitation Plaintiff herewith submits with the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

24.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the Vessels, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, the general maritime law, and by the rules and practices of this Honorable Court.

WHEREFORE, Limitation Plaintiff Marquette Transportation Company Offshore, LLC prays that:

6

(a)     This Court issue an Order approving the Letter of Undertaking submitted to the Court by Limitation Plaintiff as security for the amount of value of its interest in the Vessels;

(b)     This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiff an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated.

(c)     This Court enjoin the prosecution of any and all actions, suits, and proceedings commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and its underwriters, and/or against the Vessels, their officers and crew or against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid accident.

(d)     This Court adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(e)     The Court in this proceeding will adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the accident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid accident; or if Limitation Plaintiff and its underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interest in the Vessels, as

PD.43415760.1

aforesaid, at the end of the voyage on which it was engaged at the time of the accident, and that Limitation Plaintiffs and its underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Plaintiff and its underwriters from all further liability

(f) That Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   */s/ Evans Martin McLeod*
          Evans Martin McLeod (Bar #24846)
          Harrison M. Martin (Bar #39271)
          Canal Place | 365 Canal Street, Suite 2000
          New Orleans, Louisiana 70130
          Telephone: 504 566 1311
          Facsimile: 504 568 9130
          Email: marty.mcleod@phelps.com
          Email: harrison.martin@phelps.com


**ATTORNEYS FOR MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC**