UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC, AS OWNER AND OPERATOR OF THE MR. CONNOR AND MISS CAROLINE | CIVIL ACTION<br><br>NO. 23-6403<br>C/W  23-7052<br><br>SECTION "G"(2) |

### ORDER AND REASONS

These consolidated limitation of liability actions arise from an allision that occurred in the waters of Cape May, New Jersey on or about August 9, 2023, resulting in the death of Christopher Heitman. Before the Court is Limitation Petitioner Marquette Transportation Company Offshore, LLC's ("Marquette") "Motion to Dismiss Claims Brough in Claimants' Individual Capacities According to Federal Rules of Civil Procedure Rule 12(b)(6)."[1] In the motion, Marquette contends that the claims Claimants Jacqueline J. Heitman, Patricia R. Heitman, Christopher Heitman, William Heitman, and Patricia Orlandini (the "Heitmans") brought in their individual capacities should be dismissed because under general maritime law and supplemental state law, only qualified administrators may bring wrongful death and survival claims arising from the death of Christopher Heitman.[2] The Heitmans agree to dismissal of these claims.[3] Considering the motion, the memoranda in support, the record, and the applicable law, the Court grants the motion.

### I. Background

On or about August 9, 2023, an allision between a fishing vessel, the *WILD WILLY*, piloted by Christopher Heitman, and dredge pipes owned by Claimant Great Lakes Dredge & Dock

---

[1] Rec. Doc. 24.

[2] *Id.* at 1.

[3] Rec. Docs. 34, 39.

1

Company, LLC allegedly occurred in the navigable waters of Cape May, New Jersey.[4] Claimant Phillip Marchesani was a passenger aboard the *WILD WILLY* and was allegedly "ejected from the boat and [] injured" as a result of the allision.[5] Christopher Heitman passed away during or after the allision.[6] On October 19, 2023, Maquette filed a Complaint for Exoneration from or Limitation of Liability in this Court, asserting that the Court has admiralty and maritime jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.[7] On October 24, 2024, the Court entered an Order Approving Security, Directing Issuance of Notice, and Restraining Prosecution of Claims and set the monition date for January 12, 2024.[8] Claimants Southern Dawn LLC, Dawn Services LLC, Great Lakes Dredge & Dock Company, LLC, Phillip Marchesani, Stephanie Marchesani, Jacqueline J. Heitman, Patricia R. Heitman, the Estate of Christopher Heitman, William Heitman, and Patricia Orlandini filed answers to Marquette's Complaint.[9] On January 12, 2024, the Heitmans filed an Amended Answer to Marquette's Complaint, asserting claims for wrongful death and survival, among several other claims.[10]

On March 4, 2024, Maquette filed the instant motion.[11] On March 12, 2024, the Heitmans filed a response to the motion, agreeing to dismissal of the claims brought in their individual

---

[4] Rec. Doc. 1 at 3–4; Rec. Doc. 12 at 10.

[5] Rec. Doc. 12 at 10.

[6] *Id.*

[7] Rec. Doc. 1.

[8] Rec. Doc. 4.

[9] Rec. Docs. 8, 9, 10, 11.

[10] Rec. Doc. 12.

[11] Rec. Doc. 24.

capacities but noting certain rights under New Jersey and Louisiana law that they retain.[12]

## II. Parties Arguments

*A.    Marquette's Arguments in Support of the Motion*

In the motion, Marquette contends that under general maritime law and New Jersey state law, only an estate's qualified administrators may bring claims for wrongful death and survival.[13] According to Marquette, Claimants Jacqueline J. Heitman, Patricia R. Heitman, Christopher Heitman, William Heitman, and Patricia Orlandini may not bring those claims in their individual capacities.[14] Marquette notes that Federal Rule of Civil Procedure 17(a) requires an action to be prosecuted in the name of the real party in interest.[15] Marquette cites *Tidewater Marine Towing, Inc. v. Dow Chemical Company, Inc.*, where the Fifth Circuit held that only the decedent's legal representative has standing to bring claims for wrongful death and survival under general maritime law.[16] Marquette notes that federal district courts within the Fifth Circuit have held that a personal representative is a court approved executor or administrator of the decedent's estate.[17] Marquette also argues that to the extent New Jersey state law supplements substantive admiralty law, New Jersey state law also requires wrongful death and survival claims to be brought by an administrator or executor of the decedent.[18]

---

[12] Rec. Doc. 34.

[13] Rec. Doc. 24-1 at 2.

[14] *Id.* at 2–3.

[15] *Id.* at 3 (citing Fed. R. Civ. P 17(a)).

[16] *Id.* at 4 (citing *Tidewater Marine Towing, Inc. v. Dow Chemical Co. Inc.*, 689 F.2d 1251, 1253 (5th Cir. 1982)).

[17] *Id.* at 4–5 (citing *Monson Gulf LLC v. Modern Am. Recycling Serv.*, No. 15-3627, 2016 U.S. Dist. LEXIS 69248, at *5 (E.D. La. May 26, 2016) (Barbier, J.)).

[18] *Id.* at 6–7 (citing N.J.S.A. 2A:31-1, *et seq*; N.J.S.A 2A:15-3). Marquette also argues that because

B.   *The Heitmans' Response to the Motion*

The Heitmans filed a response to the motion, agreeing with the motion but noting that they retains certain rights under New Jersey and Louisiana law.[19] The Heitmans agree that under general maritime law, "recoverable damages for nonseafarers such as Christopher Heitman who are killed in state territorial waters are governed utilizing state law as a gap-filler to the general maritime law where appropriate."[20] The Heitmans also agree that pursuant to New Jersey state law, "only the personal representatives of the estate have a right to bring both Wrongful Death and Survival Claims."[21]

However, the Heitmans note that any damages awarded in this matter will go to Christopher Heitman's decedents, who may include his surviving parents and surviving siblings.[22] The Heitmans also note that in Marquette's Complaint, Marquette asserted that "'the parties agreed for all disputes arising from work performed under the Master Time Charter Agreement to be resolved in this District [Louisiana] under the laws of Louisiana.'"[23] Therefore, the Heitmans assert that they "reserve all substantive rights governing recoverable damages under both Louisiana law and New Jersey law as pled."[24]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for

---

Christopher Heitman is not a "seafarer," any recoverable damages for Christopher Heitman as a non-seafarer is governed by state law (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 216 (1996)).

[19] Rec. Doc. 34.

[20] *Id.* at 2 (citing *Yamaha*, 516 U,S. at 199).

[21] *Id.*

[22] *Id.* (citing N.J.S.A. 2A:31-4).

[23] *Id.*

[24] *Id.*

"failure to state a claim upon which relief can be granted."[25] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[26] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[27] "Factual allegations must be enough to raise a right to relief above the speculative level."[28] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[29]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[30] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[31] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[32] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[33] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a

---

[25] Fed. R. Civ. P. 12(b)(6).

[26] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[28] *Twombly*, 550 U.S. at 555.

[29] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[30] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[31] *Iqbal*, 556 U.S. at 678–79.

[32] *Id.* at 679.

[33] *Id.* at 678.

5

cause of action.[34] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[35] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[36] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[37]

## V. Analysis

Under general maritime law, a claimant may bring a wrongful death claim.[38] This cause of action was created by the Supreme Court in *Moragne v. States Marine Lines, Inc.*[39] In *Moragne*, the Supreme Court did not specify the class of beneficiaries entitled to recover under a wrongful death claim, but held that a wrongful death claim was to be interpreted against the existing background of federal statutory law.[40] Following *Moragne*, the Fifth Circuit held in *Futch v. Midland Enterprises, Inc.*, that only a personal representative of a decedent has standing to bring a wrongful death claim under maritime law.[41] In *Tidewater Marine Towing, Inc. v. Dow Chemical Co.*, the Fifth Circuit held that a personal representative of the decedent who pursues a wrongful

---

[34] *Id.*

[35] *Id.*

[36] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[37] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[38] *Moragne*, 498 U.S. at 393 ("We find that Congress has given no affirmative indication of an intent to preclude the judicial allowance of a remedy for wrongful death to persons in the situation of this petitioner.").

[39] *Id.*

[40] *See id.* at 408.

[41] *Futch v. Midland Enterprises, Inc.*, 471 F.2d 1195–96 (5th Cir. 1973) (the decedent's father brought a wrongful death claim, but the decedent's widow was his executrix and personal representative).

death claim must be one appointed by the appropriate state authority.[42] The personal representative holds any recovery in trust for the beneficiaries.[43]

The Supreme Court has held that "the exercise of admiralty jurisdiction … does not result in automatic displacement of state law" in federal maritime wrongful death actions.[44] In *Yamaha*, the Supreme Court distinguished between seafarers, such as Jones Act seamen and longshoremen, and non-seafarers.[45] The Supreme Court reasoned that because Congress has not prescribed remedies for the wrongful death of non-seafarers in territorial waters, state statues governing this issue were applicable to non-seafarers.[46] Further, because the alleged allision here occurred offer the navigable waters of Cape Harbor, New Jersey, the law of New Jersey may supplement federal maritime law. New Jersey law requires executors or administrators of a decedent to bring wrongful death[47] and survival claims.[48]

Here, Claimants Jacqueline J. Heitman, Patricia R. Heitman, William Heitman, Patricia

---

[42] *Tidewater*, 689 F.2d at 1253. *See e.g. Omega Protein, Inc., as Owner of Fishing Vessel Helge Hovland, for Exoneration From or Limitation of Liab.*, Nos. 1:09-640 c/w 1:09-392, 2010 WL 5141775 (S.D. Miss. Dec. 13, 2010) (Guirola, J.); *Matter of Am. River Transp., Co., LLC*, Nos. 20-416 c/w 20-538 c/w 20-1327 (E.D. La. Sept. 21, 2021) (Guidry, J.); *Shaffett v. Marquette Transp. Co.*, LLC, No. 10-0054, 2010 Wl 3943647, at *2 (E.D. La. Oct. 1, 2010) (Berrigan, J.) (collecting cases).

[43] *Landry v. Two R. Drilling Co.*, 511 F.2d 138, 141 n.2 (5th Cir. 1975).

[44] *Yamaha*, 516 U.S. at 206 (citation omitted).

[45] *Id.* at 205 n.2, 215.

[46] *Id.* at 215.

[47] N.J.S.A. 2A:31-2(a) provides that: "Every action commenced under this chapter shall be brought in the name of an administrator ad prosequendum or administrator of the decedent for whose death damages are sought, except where decedent dies testate and his will is probated, in which event the executor named in the will and qualifying, or the administrator with the will annexed, as the case may be, shall bring the action."

[48] N.J.S.A. 2A:15-3(a)(1) provides that: "Executors, administrators, and administrators ad prosequendum may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser, and recover their damages as their testator or intestate would have had if he was living. In those actions based upon the wrongful act, neglect, or default of another, where death resulted from injuries for which the deceased would have had a cause of action if he had lived, the executor, administrator, or administrator ad prosequendum may recover all reasonable funeral and burial expenses in addition to damages accrued during the lifetime of the deceased."

Orlandini, and Christopher Heitman, may not bring wrongful death and survival claims in their individual capacities because both general maritime law and New Jersey law only allow the executors and administrators of the decedent's estate to bring claims for wrongful death and survival. In their Amended Answer to the Complaint, the Heitmans allege that Jacqueline J. Heitman and Patricia R. Heitman are "qualified administrators and … the legal and personal representatives of the Estate of Christopher Heitman …"[49] The Amended Answer does not allege that William R. Heitman, Patricia Orlandini, or Christopher Heitman are personal representatives of the Estate of Christopher Heitman.[50] Therefore, only Jacqueline J. Heitman and Patricia R. Heitman have standing to bring wrongful death and survival claims on behalf of the Estate of Christopher Heitman.

### V. Conclusion

Because federal maritime law requires a personal representative of the decedent's estate to bring a claim for wrongful death and because New Jersey law requires an administrator or executor of a decedent's estate to bring survival and wrongful death claims, Jacqueline J. Heitman, Patricia R. Heitman, Christopher Heitman, William Heitman, and Patricia Orlandini's may not bring these claims in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Jacqueline J. Heitman, Patricia R. Heitman, Christopher Heitman, William Heitman, and Patricia Orlandini's claims against Marquette Transportation Company Offshore, LLC in their individual capacities are **DISMISSED WITH**

---

[49] Rec. Doc. 12 at 4.

[50] *See* Rec. Doc. 12.

**PREJUDICE**, with each party to bear its costs.

**IT IS FURTHER ORDERED** that Jacqueline J. Heitman and Patricia R. Heitman's claims against Limitation Petitioners in their capacity as qualified administrators of the Estate of Christopher Heitman are fully reserved.

**NEW ORLEANS, LOUISIANA,** this __6th__ day of May, 2024.

                                                 **NANNETTE JOLIVETTE BROWN**
                                                 **CHIEF JUDGE**
                                                 **UNITED STATES DISTRICT COURT**